IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL W. PASSMORE                                                          PLAINTIFF

V.                        CASE NO. 4:17-CV-648-BSM-BD

SOCIAL SECURITY ADMINSTRATION                                      DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party is free to file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, any right to appeal questions of fact may be lost.

## REASONING FOR RECOMMENDED DISPOSITION

Michael Passmore applied for social security disability benefits with an alleged disability onset date of January 1, 2011. (R. at 158). The administrative law judge (ALJ) denied the application after a hearing. (R. at 92). The Appeals Council denied review. (R. at 1). Mr. Passmore filed this case seeking judicial review of the Commissioner's adverse decision.

## I. The Commissioner's Decision:

The ALJ found that Mr. Passmore had the following severe impairments: diabetes mellitus, bipolar disorder, and major depressive disorder. (R. at 82). In spite of these impairments, the ALJ found that Mr. Passmore had the residual functional capacity ("RFC") to work at all exertional levels, but could not climb ladders, ropes or scaffolds; and could not work near hazards such as unprotected heights, moving machinery, sharp objects, and open flames. The ALJ further found that Mr. Passmore was limited to work where he would be required to understand, remember, and carry out simple tasks and instructions, and he could not perform production rate pace work, such as assembly line work. (R. at 84).

Mr. Passmore had no past relevant work. (R. at 90). A vocational expert ("VE") testified that a person with the RFC the ALJ assigned to Mr. Passmore could perform jobs such as warehouse worker or hand packager. (R. at 91). Based on this testimony, the ALJ found that Mr. Passmore was not disabled. (R. at 92).

## II. Discussion:

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

Mr. Passmore contends that the ALJ failed to fully and fairly develop the record, erred in finding that he did not meet listing 12.04, failed to properly evaluate his

2

subjective complaints, and erred in finding that his non-compliance with treatment recommendations weighed against his testimony about the intensity and persistence of his symptoms.

**A. Development of the Record**

Mr. Passmore first argues that the ALJ did not fully and fairly develop the record. In his decision, the ALJ gave great weight to the opinions of non-examining State Agency mental health consultants; some weight to consultative examiner Steve Shry, Ph.D.; and some weight to the opinions of Mr. Passmore's treating therapists (R. at 88–89).

Mr. Passmore argues that the ALJ's weighing of the opinion evidence resulted in a lack of medical evidence to support the mental RFC. He contends that, without the treating and examining opinions, the mental RFC must have been based on the non-examining State Agency consultants' opinions. Such opinions are not entitled to great weight, and Mr. Passmore argues that the ALJ erred in giving such weight to them. See *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

The ALJ did not entirely disregard the opinions of Dr. Shry and Mr. Passmore's therapists from Counseling Associates. Rather, the ALJ considered these opinions in arriving at an appropriate RFC for Mr. Passmore, and the ALJ did not base the RFC only on the opinions of State Agency consultants.

Moreover, an ALJ is required to re-contact physicians or to order consultative examinations only if the evidence in the record is insufficient to determine whether a claimant is disabled. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). In this case,

3

the ALJ had the opinions of treating and examining sources, and also, records of his treatment.

Dr. Shry opined only that Mr. Passmore *might* have limitations when under stress. (R. at 572). Additionally, records indicate that Mr. Passmore's symptoms were well controlled when he was on medication. (R. at 457, 502, 541, 571, 640). While his treating therapist stated that Mr. Passmore could not leave the house without his wife, other records contradict this statement. For example, Mr. Passmore was able to drive himself. (R. at 89).

While additional evidence might have shed more light on Mr. Passmore's condition, the Court review is limited to determining whether substantial evidence on the record as a whole supports the ALJ's decision.

### B. Listing 12.04

Mr. Passmore also argues that the ALJ erred in failing to adequately consider whether he met the criteria for Listing 12.04C. Listing 12.04C—as it was in effect on the date of the ALJ's decision—requires the following:

> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

4

> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

In order for the ALJ to find that a claimant meets this Listing – or any listed impairment – the claimant must meet every criterion of the listing or demonstrate medical findings of equal severity to every criterion. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Mr. Passmore has not presented evidence of repeated episodes of decompensation, or that a minimal increase in mental demands or change in environment would likely cause him to decompensate, or that he has been unable to function outside a highly supportive living arrangement for a year or more. Likewise, the medical evidence lacks findings of a condition of equal severity. Thus, the ALJ did not err in finding that Mr. Passmore did not meet Listing 12.04.

### C. Evaluation of Subjective Complaints

For his third point, Mr. Passmore maintains that the ALJ failed to properly consider the *Polaski* factors in determining that his subjective complaints were not consistent with the evidence in the record.

The Social Security Administration issued a new ruling that is applicable to cases decided on or after March 28, 2016. The ruling eliminates use of the word "credibility" from determinations and requires the ALJ to consider the following factors in evaluating the intensity, persistence, and limiting effects of a claimant's impairments:

> 1. Daily activities;
>
> 2. The location, duration, frequency, and intensity of pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017). These factors largely mirror the factors enumerated in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Mr. Passmore maintains that the ALJ did not properly examine these factors in evaluating his subjective complaints, but the ALJ did consider that Mr. Passmore's symptoms were well controlled by his medications; statements that he was non-compliant in taking medications; his daily activities; and his history of counseling. (R. at 85–90). The ALJ specifically noted inconsistencies in the record, such as Mr. Passmore's claim that he had never stopped taking his medication as compared to medical records stating that he had. (R. at 86).

The ALJ's opinion sufficiently addresses Mr. Passmore's subjective complaints as required. It is better for the ALJ to note the relevant factors, but it is evident from reading the decision that she considered the factors even though she did not enumerate or fully acknowledge them.

### D. Non-Compliance with Treatment

Finally, Mr. Passmore argues that the ALJ improperly considered his non-compliance with medication in determining that his subjective complaints were not consistent with the medical record. He cites *Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) for the proposition that non-compliance with medication is often a result of the mental illness for which the medication is prescribed and, thus, is an improper basis for finding a claimant to not be disabled. *Id*. at 946.

The evidence in this case does not support the notion that Mr. Passmore's non-compliance was the result of his mental illness. Instead, the record reflects that Mr. Passmore was "doing fine" on his medications, then decided to stop. (R. at 456). At another point, he attributed his failure to take medication to moving. (R. at 579). Nothing in the record indicates, however, that Mr. Passmore's failure to take his medication as prescribed was attributable to his illness.

Furthermore, the ALJ evaluated Mr. Passmore's subjective complaints on more than his non-compliance, as discussed above. The ALJ did not commit reversible error in her consideration of Mr. Passmore's compliance with medical recommendations.

7

## III. Recommended Disposition:

The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the decision should be AFFIRMED.

DATED this 19th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE